**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Juan Carlos Bermudez-Zamora,<br><br>Defendant. | No. CR-17-01601-001-TUC-JGZ (JR)<br><br>**ORDER** |

Defendant Juan Carlos Bermudez-Zamora plead guilty to the offense of illegal reentry after deportation in violation of 8 U.S.C. §1326. (Doc. 51.) Pending before the Court is Defendant's Objection to the Presentence Investigation Report (PSI) guideline calculation. (Doc. 48.) The PSI proposes a ten-level adjustment to Defendant's base offense level pursuant to U.S.S.G. § 2L1.2(b)(3)(A). That section calls for a ten-level increase:

> [i]f, after the defendant was ordered deported or ordered removed from the United States for the first time, the defendant engaged in criminal conduct that, at any time, resulted in--(A) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more . . . .

U.S.S.G. § 2L1.2(b)(3)(A).

After the Defendant was deported or removed from the United States for the first time, he was convicted of a felony for which he received a sentence of greater than five years. In 2005, Defendant was convicted of the offense of petty theft with priors and was sentenced to seven years' imprisonment. (Doc. 69 at 7.) According to the PSI, Defendant's

offense involved the theft of two beers from a store. Defendant served five years before he was released in 2010. (*Id.*)

In November 2014, California enacted Proposition 47, which allowed persons who had completed a sentence for a felony conviction and who "would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense" to apply for redesignation of the conviction as a misdemeanor. Cal. Penal Code § 1170.18(f)-(g) (codifying Proposition 47). Prop. 47 further provided that a felony redesignated as a misdemeanor "shall be considered a misdemeanor for all purposes," with exceptions not relevant here. Cal. Penal Code § 1170.18(k). On October 21, 2015, Defendant's petty theft offense was reclassified as a misdemeanor pursuant to Proposition 47. (Doc. 48 at 1, 2.) Almost two years later, on September 23, 2017, Defendant was arrested and charged with illegal reentry after deportation. (Doc. 69 at 1.)

Defendant argues that his 2005 petty theft conviction does not qualify as a prior felony conviction under U.S.S.G. § 2L1.2(b)(3)(A) because the offense had been statutorily deemed a misdemeanor prior to his illegal reentry in September 2017. (Doc. 48 at 2.) Defendant reasons that because the reclassification of his conviction as a misdemeanor in 2015 is retroactive under state law, Defendant's "prior is and has always been a misdemeanor," including for the purpose of federal sentencing enhancement under § 2L1.2(b)(3). (Doc. 62 at 5.) The Government argues that the 2005 conviction was a felony implicated by § 2L1.2(b)(3)(A).

The cases cited by the parties do not directly address the applicability of § 2L1.2(b)(3)(A) in light of Cal. Prop. 47's redesignation of felony offenses. The cases pertain to different guideline provisions with different criteria. *See McNeill v. United States*, 563 U.S. 816, 818, 823 (2011) (under the Armed Career Criminal Act, "the 'maximum term of imprisonment' for a defendant's prior state drug offense is the maximum sentence applicable to his offense when he was convicted of it" because "[i]t cannot be correct that subsequent changes in state law can erase an earlier conviction *for ACCA purposes*") (emphasis added)); *United States v. Norwood*, 733 Fed. Appx. 387, 389 (9th Cir. 2018) (unpublished) (addressing the calculation of criminal history points under

USSG § 4A1.1(a) for a drug offense under 21 U.S.C. § 841); *United States v. Diaz*, 838 F.3d 968 (9th Cir. 2016) (concluding that the defendant was not entitled to resentencing for drug offense when his prior felony drug convictions were reclassified as misdemeanors pursuant to Cal. Prop. 47; section 841 explicitly applies when a defendant (1) commits a federal drug offense (2) after being convicted of two or more felony drug offenses that have "become final."); *United States v. Pagan*, No. CR 14-00684, 2016 WL 8729980, at *6 (C.D. Cal. Apr. 1, 2016) (where federal drug offense sentencing law, 21 U.S.C. § 802(44), "defines a 'felony drug offense' *in the present sense*, meaning that the prior offense must be one that 'is' punishable by imprisonment of more than a year," felonies reclassified as misdemeanors pursuant to Cal. Prop. 47 could not support sentence enhancement for 21 U.S.C. § 841 violation) (emphasis added); *United States v. Yepez*, 704 F.3d 1087, 1090 (9th Cir. 2012) (nunc pro tunc termination of defendants' probationary sentence as of one day before defendants committed federal crime did not erase their prior criminal history such that they became eligible for safety valve relief from mandatory minimum sentence pursuant to U.S.S.G. § 4A1.2); *United States v. Salazar-Mojica*, 634 F.3d 1070 (9th Cir. 2011) (district court correctly applied sentence enhancement under now-repealed U.S.S.G. § 2L1.2(b)(1)(A)(ii), which looked to convictions at time of first deportation, where defendant's state prior was still classified as a felony when defendant was first deported).

There is no indication whether the drafters of § 2L1.2(b)(3) intended that it apply when a felony is redesignated as a misdemeanor. It appears that the phrase "at any time" in § 2L1.2(b)(2) and (b)(3) was added to address situations where a defendant committed a crime prior to being deported but was convicted of that crime after the deportation. The November 2018 Amendment to § 2L1.2(b), which added the "at any time language," also added Note 5, which states that "[t]here may be cases in which the criminal conduct underlying a prior conviction occurred both before and after the defendant was ordered deported or ordered removed from the United States for the first time." U.S.S.G. § 2L1.2 cmt. n.5.

Based on the plain language of the guideline, the Court concludes that the ten-level

enhancement set forth in U.S.S.G. § 2L1.2(b)(3)(A) is applicable. Section 2L1.2(b)(3)(A) requires a 10-level increase where "the defendant engaged in criminal conduct that, *at any time*, resulted in--(A) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was five years or more . . . ." The phrase "at any time" is unique to § 2L1.2(b)(3). None of the other sentencing provisions in cases cited by the parties contain such broad language. The Court "must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Boise Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432 (9th Cir. 1991). Unlike the sentencing provisions at issue in the cases cited by the parties, which expressly contemplate time periods within which prior sentences must have occurred to qualify as predicate offenses, the "at any time" language in U.S.S.G. § 2L1.2(b)(3) broadly encompasses all prior convictions that, at any time, resulted in a felony conviction with a sentence of five years or more. *See, e.g.*, U.S.S.G. § 4A1.2(d)-(e). Applying the plain language, Defendant's 2005 conviction falls within the requirements for the ten-level enhancement. In 2005 Defendant engaged in criminal conduct which resulted in a felony conviction with a sentence of more than five years. Thus, the fact that the state of California subsequently deemed the conviction a misdemeanor does not erase that historical fact, particularly in the application of the federal sentencing guidelines.

The Court notes that inequities as to this result may be addressed by other provisions of the sentencing guidelines as well as arguments for a variance.

THEREFORE, IT IS ORDERED that Defendant's Objection to the Presentence Report is OVERRULED. (Doc. 48.)

Dated this 13th day of December, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge